**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

Richard M Kelly                             :
                                            :
                          Plaintiff,        :        09 cv 00962
                                            :
              -against-                     :        ECF Case
                                            :
                                            :
A1 Technology,                      :
                          Defendant,        :
---------------------------------------------------------------x

<u>**RICHARD M KELLY'S MOTION FOR A PROTECTIVE ORDER**</u>

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Richard M Kelly, affirmed on July 17th, 2009, and upon exhibits attached thereto, and the pleadings herein, plaintiff will move this court, before Michael H. Dolinger, United States Magistrate Judge, for an order pursuant to Rule 26 (c), of the Federal Rules Of Civil Procedure granting, that the plaintiff be protected against requests for irrelevant information requested by the defendants attorney. ( Please see Exhibit D). In this request the attorney for the defendant is claiming the defendant is RPM CROSSOVER MEDIA COVERAGE, not A1 Technology. I believe that the request were cut and paste from another case DREAM CATCHER MEDIA v. RPMS MEDIA 1:2008cv11388 SDNY, and that the majority of the documents requested are more than likely irrelevant to this case, particularly request no. 30 for medical record as they pertain to alcohol problems, which is just an attempt to attack the character of someone who has a disability recognized by the AMA.

I declare under penalty of perjury that the foregoing is true and correct.

Dated  New York  New York
July 17, 2009

*[signature]*

Richard M Kelly
225 East 73rd st
New York NY, 10021
917-536-5083

*[handwritten:]* ENDORSED ORDER

For reasons stated on the record, plaintiff is to serve on defendant's attorney a response to defendant's request for documents.

*[signature]* USMJ
8/18/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X    Case No. 09 CIV 00962 (LAK) (MD)
RICHARD M. KELLY,

                                          Plaintiff,

                      -against-                                    **DEFENDANT'S FIRST SET OF
                                                                   REQUESTS FOR PRODUCTION
                                                                   OF THINGS TO PLAINTIFF**

AI TECHNOLOGY,
                                          Defendant.
-----------------------------------------------------------------------X

      Pursuant to Fed. R. Civ. Pro. 34, Defendant RPM CROSSOVER MEDIA LLC

hereby requests that Plaintiff respond in writing and produce within 30 days at the office

of the undersigned for inspection and copying, the following documents and things

subject to the definitions set forth below.


## DEFINITIONS

      Pursuant to Local Rule 26.3, all definitions contained Local Rule 26.3(c) are

hereby adopted by reference and must be used in answering this request. In addition, all

terms used other than those defined above should be understood in their ordinary

meaning as is understood in standard English.


## REQUESTS FOR PRODUCTION OF DOCUMENTS


**REQUEST NO. 1:**

      All documents that reflect, constitute, memorialize, refer to, or otherwise relate to
any communications between Plaintiff and any past or present employee, officer,
shareholder, vendor, independent contractor, agent, or representative of Defendant or any
of its affiliates or sister companies.



**REQUEST NO. 2:**

All documents that Plaintiff received from Defendant, its past or present employees, officers, shareholders, vendors, independent contractors, agents, or representatives or any of its affiliates or sister companies of Defendant.

**REQUEST NO. 3:**

All documents that reflect, memorialize, refer to or otherwise relate to Plaintiff's employment, independent-contractor, and/or working relationship with Defendant.

**REQUEST NO. 4:**

All documents that reflect, memorialize, refer to or otherwise relate to the Plaintiff's claim that Plaintiff worked 60 hours per week as stated in "III. C." of Plaintiff's Complaint.

**REQUEST NO. 5:**

All documents that reflect, memorialize, refer to or otherwise relate to Plaintiff's claim that Defendant was his employer within the meaning of the FLSA.

**REQUEST NO. 6:**

All documents that reflect, memorialize, refer to or otherwise relate to any of the job duties of Plaintiff during his alleged employment with Defendant.

**REQUEST NO. 7:**

All documents that reflect, memorialize, refer to or otherwise relate to the allegation(s) that none of the FLSA exemptions apply to Plaintiff.

**REQUEST NO. 8:**

All documents that relate to, refer to, or otherwise describe any lawsuits, arbitrations, proceedings, or legal or administrative hearings that Plaintiff has ever previously filed or any arbitrations, proceedings, or legal or administrative hearings that have ever been filed against Plaintiff other than the current lawsuit. This includes, but is not limited to, all litigation documents for the arbitrations, proceedings, or legal hearings.

**REQUEST NO. 9:**

All documents that relate to, refer to, or otherwise describe any communications that Plaintiff has had with current or former employees of Defendant regarding the allegations in the Complaint, including, but not limited to, correspondence, emails, instant messages, notes, recorded conversations, and photographs.

**REQUEST NO. 10:**

All written or audio recorded communications and/or statements Plaintiff has obtained from current or former employees of Defendant, its past or present employees, officers, shareholders, vendors, independent contractors, agents, or representatives and/or any of its affiliates or sister companies of Defendant

**REQUEST NO. 11:**

All policies, memoranda, handbooks, manuals, handouts, rules, personnel forms, email or other documents provided to Plaintiff by Defendant at any time

**REQUEST NO. 12:**

All documents that support, reflect, refer or relate to, in any way, any damages or other monetary relief claimed by Plaintiff or any calculations of damages or other monetary relief claimed by Plaintiff.

**REQUEST NO. 15:**

All documents which reflect, memorialize, refer to or otherwise relate to any charge or complaint that Plaintiff has ever filed with any government agency including, but not limited to, the IRS and New York Dept. of Labor.

**REQUEST NO. 16:**

All diaries, calendars, journals, chronologies or summaries of events written or maintained by Plaintiff or any other employee or independent contractor who worked for Plaintiff during the alleged period of employment that Plaintiff states, in his Complaint, that he worked for Defendant.

**REQUEST NO. 17:**

All diaries, calendars, journals, chronologies or summaries maintained by Plaintiff or any one else that shows the amount of hours per week that Plaintiff worked for

Defendant.

**REQUEST NO. 18**:

All documents that reflect, memorialize, refer to or otherwise relate to all income or other earnings -- including but not limited to salaries, bonuses, and/or fringe benefits -- that Plaintiff has received for the period of time, as alleged in Plaitniff's Complaint, that Plaintiff was an employee of Defendant.

**REQUEST NO. 19**:

All wage statements provided to Plaintiff.

**REQUEST NO. 20**:

All IRS W-2 and/or IRS 1099 statements provided to Plaintiff.

**REQUEST NO. 21**:

All pay documents that reflect, memorialize, constitute, refer to, or otherwise relate to any and all hours worked by Plaintiff.

**REQUEST NO. 22**:

All documents that reflect, memorialize, refer to or otherwise relate to any complaints, whether formal or informal, written or unwritten, made by Plaintiff or any other employee in connection with employment or a working relationship with Defendant.

**REQUEST NO. 23**:

All documents that reflect, memorialize, refer to or otherwise relate to any oral or written instructions or information given to Plaintiff, either alone or in conjunction with others, concerning the terms and conditions under which Plaintiff were to be compensated for any work performed for Defendant.

**REQUEST NO. 24**:

All documents that reflect, memorialize, refer to or otherwise relate to Plaintiff's employment or working relationship with any employer, including but not limited to, diaries, notes, correspondence, pay stubs, employee handbooks, benefit descriptions, resumes, logs and reports.

**REQUEST NO. 25:**

All documents that reflect, memorialize, refer to or otherwise relate to Plaintiff's employment or working relationship with New York Health and Racquet Club, including but not limited to, diaries, notes, correspondence, pay stubs, employee handbooks, benefit descriptions, resumes, logs and reports.

**REQUEST NO. 26:**

Plaintiff's state and federal tax records for the period of 2004 - 2009.

**REQUEST NO. 27:**

All documents that reflect, memorialize, constitute, refer to or otherwise relate to Plaintiff's earning of income from other sources other that Defendant for the period of time Plaintiff alleged to have worked for Defendant, including, but not limited to, working as a personal trainer.

**REQUEST NO. 27:**

Provide a federal tax authorization for Plaintiff's tax records for the period of 2004 - 2009.

**REQUEST NO. 28:**

Provide a copy of all documents that reflect, memorialize, refer to or otherwise relate to information concerning Plaintiff's employment, working relationships, and business endeavors that Plaintiff has posted on the internet, including, but not limited to, Linked Inn (www.linkedin.com), Face book (www.facebook.com), and My Space (www.myspace.com).

**REQUEST NO. 29:**

Provide copies of all documents that reflect, memoralize, refer to, constitute or otherwise relate to Plaintiff's resume.

**REQUEST NO. 30:**

All medical records concerning any medical or alcohol problems that Plaintiff had during the period of time Plaintiff claims to have been employed and/or working for Defendant. Provide a HIPAA-compliant authorization for every single medical person or medical facility Plaintiff saw during the time that Plaintiff claims to have worked for Defendant. As a courtesy, a HIPPA-Compliant authorization is provided.

- 5 -

**REQUEST NO. 31:**

Provide copies of all documents that reflect, memorialize, refer to, constitute or otherwise relate to Plaintiff's resume.

**REQUEST NO. 32:**

All documents that reflect, memorize, refer to, constitute or otherwise relate to any communication between Plaintiff and any non-parties to this lawsuit, including, but not limited to, Stephen Miller.

**REQUEST NO. 33:**

All documents that reflect, memorialize, refer to, constitute or otherwise relate to any communication between Plaintiff and The Feeding Room, or its employees, members, principals, officers, agents, and shareholders, including, but not limited to, resumes sent and applications.

**REQUEST NO. 34:**

All documents not otherwise requested above that refer or relate to the subject matter of this lawsuit and/or the relief demanded for Plaintiff's Complaint.

Dated: New York, New York
July 8, 2009

Yours, etc.,

PETER M. AGULNICK, P.C.

By:

Peter M. Agulnick (PA 5030)
Attorneys for Defendant
**A1 TECHNOLOGY**
321 Broadway, Suite 200
New York, New York 10007
(212) 571-2266
(File # 111-025)

TO:    **RICHARD M. KELLY,** Plaintiff <u>pro se</u>
       225 East 73rd Street, 3D
       New York, NY 10021
       (917) 536-5083

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    Case No. 09 CIV 00962 (LAK) (MD)
RICHARD M. KELLY,

                                     Plaintiff,

                    -against-                                    **DEFENDANT'S RESPONSE TO**
                                                                 **PLAINTIFF'S DISCOVERY**
A1 TECHNOLOGY,                                                   **DEMAND**

                                     Defendant.
-----------------------------------------------------------------X

        Defendant A1 TECHNOLOGY hereby responds to Plaintiff RICHARD M.

KELLY'S discovery demand (an informal undated letter) as follows:

        1.      Objection. Overbroad, overly burdensome, and palpably irrelevant

        2.      Objection. Overbroad, overly burdensome, and palpably irrelevant

        3.      Objection. This request is not a request for documents; it is, therefore,

improper and Defendant has no documents responsive to this demand.

        4.      Objection. Overbroad, overly burdensome, and palpably irrelevant.

        5.      Objection. Overbroad, overly burdensome, and palpably irrelevant.


Dated: New York, New York
       July 7, 2009



                                     Yours, etc.,

                                     PETER M. AGULNICK, P.C.


                                     By:_____
                                            Peter M. Agulnick (PA 5030)
                                     Attorneys for Defendant
                                     **A1 TECHNOLOGY**
                                     321 Broadway, Suite 200
                                     New York, New York 10007
                                     (212) 571-2266
                                     (File # 111-025)


- 1 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Richard M Kelly
_____

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

09 Civ. 00962 LAK MD

- against -

A1 Technology
_____

**AFFIRMATION OF SERVICE**

_____

_____

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, Richard M Kelly, declare under penalty of perjury that I have
   (name)

served a copy of the attached Motion to Compel, Motion for Sanctions, Motion in Limine
Motion for protective order (document you are serving)

upon Peter Asulnick whose address is 321
     (name of person served)

Broadway N.J. N.Y. 10007
                (where you served document)

by Mail
   (how you served document: For example - personal delivery, mail, overnight express, etc.)

Dated: New York, NY
        (town/city)   (state)

July 17, 2009
(month)  (day)  (year)

Signature

225 E 73rd St
Address

NY NY
City, State

10021
Zip Code

917 536-5083
Telephone Number

*Rev. 05/2007*